UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH BERNSTEIN,

    Plaintiff(s),

vs.

TOYOTA MOTOR SALES, et al.,

    Defendant(s).

No. C 09-3472 MHP

**ORDER DISMISSING COMPLAINT AND DENYING IN FORMA PAUPERIS STATUS**

    Plaintiff, a citizen, albeit alleged as a resident, of California filed this action *pro se* based on diversity jurisdiction. He attempts to style his claims as a class action. He also seeks leave to proceed *in forma pauperis*. There are a number of problems with his complaint. First of all, plaintiff alleges that this action is premised on this court's diversity jurisdiction. However, for there to be diversity jurisdiction all plaintiffs must be diverse from all defendants. While plaintiff alleges the requisite minimum monetary amount to support diversity jurisdiction, he fails to allege the diversity of any of the defendants, which would require alleging the state of incorporation of each corporate defendant and the state of its principal place of business. Only if all of those states are different from plaintiff's citizenship could there be diversity jurisdiction. It is extremely doubtful plaintiff could achieve this since it likely that Tustin Toyota, Long Beach Acceptance Corp., Brashers Sacramento Auto Auction, and perhaps some of the other defendants he names are either incorporated in California or have their principal place of business here, or both.

Nor does the complaint allege any grounds for federal question jurisdiction, the only other basis for federal jurisdiction. Although the caption mentions the term "RICO", there is no cause of action under RICO, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., alleged in the complaint and it is not mentioned anywhere in the body of the complaint. Also named on the face of the complaint are "Wire Fraud and Mail fraud [sic]", about which there are no causes of action or mention in the complaint. In addition, these statutes, 18 U.S.C. §§1341 and 1343, respectively, are criminal statutes and do not give rise to any basis for civil actions.

Thus, this complaint is totally devoid of any basis for federal jurisdiction. The only causes of action alleged in the complaint are claims under California state statutes. Plaintiff states no basis for a cognizable federal claim.

The district court may deny *in forma pauperis* status and dismiss a complaint *sua sponte* if federal subject matter jurisdiction is lacking. See 28 U.S.C. §1915(e)(2). Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction", there is no "arguable basis in law" for this court to exercise jurisdiction. Neitzke v. Williams, 490 U.S. 319, 325 (1989)(found to be superseded on other grounds by reason of adoption of section 1915(e) which makes dismissal for failure to state a claim mandatory);. see also, e.g., Lopez v. G.A.Smith, 203 F.3d 1122, 1126 (9thCir.2000); Cruz v. Gomez, I/O, 202 F.3d 593, 596 (2dCir.2000)). Under such circumstances the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under section 1915(d). Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

If the *pro se* plaintiff can cure the factual allegations in order to state a claim, the court may give him leave to do so. However, if repleading cannot cure the deficiencies the court may dismiss without leave to amend and even dismiss with prejudice. See Cato v. United States, 70 F.3d at 1106. The court finds that the problems discussed above cannot be cured so as to state a basis for jurisdiction and thus dismisses the complaint without leave to amend and without prejudice to plaintiff filing in state court.

Furthermore, a plaintiff who appears *pro se* cannot bring his claims as a class action or

2

purport to represent a class.

For the reasons articulated above, the complaint fails to allege any basis for federal jurisdiction and, thus, fails to state any claim over which this court has jurisdiction. On this basis plaintiff's application to file *in forma pauperis* is DENIED and, further, this complaint is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice to bringing this action in state court.

IT IS SO ORDERED.

Date: August 7, 2009

_____
MARILYN HALL PATEL
Judge
United States District Court
Northern District of California